■ OPGAL, INC., et al., Respondents, and PRESS WIRELESS, INC., et al., Intervening Plaintiffs-Respondents, v. JOHN J. BURNS et al., Constituting the Town Board of the Town of Oyster Bay, Appellants.— In an action to declare unconstitutional an amendment to the Building Zone Ordinance of the Town of Oyster Bay insofar as such amendment affects real property owned by plaintiffs and mortgaged to the intervening plaintiffs, defendants appeal from so much of the judgment of the Supreme Court, Nassau County, entered August 4, 1959, as declared, in accordance with the fifth and sixth causes of action pleaded in plaintiffs' complaint, and in accordance with the first cause of action pleaded in the intervening plaintiffs' complaint, that the rezoning made by such amendment of the property in question is unconstitutional and void. Judgment insofar as appealed from affirmed, with costs, on the opinion at the Special Term. Nolan, P. J., Beldock and Brennan, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to reverse the judgment insofar as appealed from, and to dismiss said causes of action, with the following memorandum: Plaintiffs' real property, comprising approximately 119 acres, hereinafter referred to as "the tract", is vacant and level ground comprising the bulk of a huge rectangular area bounded on the north by the Northern State Parkway, on the west by Cantiague Rock Road, on the south by W. John Street, and on the east by Kuhl Avenue, hereinafter referred to respectively as the "parkway", "road", "street" and "avenue". Between the southerly boundary of the tract and the northerly side of the street lie the industrial properties of the Sylvania-Corning Laboratories and the so-called Hauser property as well as a 13-acre parcel owned and maintained as a sump by the county. Although there are housing developments to the east and west of the rectangle and a row of dwellings borders the west side of the avenue, the area is markedly one used for industry. The tract has been used industrially since about 1940. Just across the parkway to the northwest of the tract is an industrial park. Proceeding southerly on the road from the parkway there is the foregoing industry immediately south of the tract and there are industrial plants south of the housing development on the west. There are industrial plants on both sides of the lane which joins the road from the west at its intersection with the street. South and west beyond nearby Wantagh Parkway, in New Cassel, there is solid industry from a belt north of the railroad tracks to Old Country Road. Immediately south of the street industry straddles the tracks southerly to Duffy Avenue and largely to Old Country Road. A new railroad freight yard exists on the northerly side of the street across from the Hauser property. Contrasted with the rate of increase of population in the Town, it is undisputed that the population increase in Hicksville is "beginning to flatten out," whereas the rate of increase in industrial space in Hicksville is far greater than that of the town. In the light of all the circumstances the proof does not warrant the finding that it is beyond reasonable doubt that the tract cannot be used save for dwellings and not for any of the wide assortment of uses contemplated in article X of the Building Zone Ordinance. To afford adequate access to the tract, the road on which the tract fronts to the extent of 1,310 feet must be widened and straightened. There is evidence that the town plans to do so. It is entitled to a reasonable opportunity to furnish such adequate access (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222; *Church* v. *Town of Islip*, 8 A D 2d 962). [20 Misc 2d 803.]